IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ROY L. CLINCY**                                                                          **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 2:05cv46KS-JMR**

**RONALD KING, et al.**                                                          **DEFENDANTS**

ORDER

This cause comes before this Court in consideration of the following motions filed by the plaintiff in this cause: Motion for a Temporary Restraining Order and/or Preliminary Injunction [7-1] and Motion for a Preliminary Injunction [13-1]. Having considered the motions and the other pleadings in this cause, the Court has come to the following conclusions.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in Mississippi Power & Light Co. v. United Gas Pipe Co., 760 F.2d 618 (5th Cir. 1985) citing Canal Authority of State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974). While the granting or denial of a motion for a preliminary injunction or temporary restraining order rests in the sound discretion of the trial court, the movant bears the burden of satisfying the four prerequisites for this extraordinary relief. Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974).

The four prerequisites are as follows: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest. Id. These requirements are not balanced, but rather each one must be met before the

Court can grant such a drastic remedy as a preliminary injunction or temporary restraining order. <u>Mississippi Power & Light Co.</u>, 760 F.2d at 621.

In the case at bar, the Court finds that injunctive relief is not warranted at this time. The plaintiff's motions include allegations of harassment, discrimination, cruel and unusual punishment, as well as denial of access to courts. The Court finds, however, that the plaintiff's various injunctive requests, including a request for a transfer and a request that the Court prevent the defendants from interfering in his litigation against them, are not well-taken. The plaintiff's case is proceeding in this Court, and there is no substantial threat that plaintiff will suffer irreparable injury if the preliminary injunction is not granted. Furthermore, the primary justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits. <u>Mississippi Power & Light Co.</u>, 760 F.2d at 573. This Court concludes that it will be able to render a meaningful decision in this cause without granting a preliminary injunction and/or temporary restraining order.

Hence, in light of the foregoing prerequisites and standards, it is clear that the plaintiff's motions for injunctive relief should be denied without a hearing. Therefore, it is hereby,

ORDERED that plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction [7-1] and Motion for a Preliminary Injunction [13-1] are **DENIED.**

SO ORDERED, this the <u>13th</u> day of December, 2005.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE

2:05cv46KS-JMR	2